ZERVAS V. USAA

CASE NO. 2:18-CV-00051

# EXHIBIT A

Complaint, Bates No. USAA000001 – USAA000006

RECEIVED
DEC 08 2017
DIVISION OF INSURANCE
STATE OF NEVADA

Electronically Filed
12/6/2017 2:45 PM
Steven D. Grierson
CLERK OF THE COURT

1  **COMP**
**WILLIAM W. McGAHA, ESQ.**
2  Nevada Bar #3234
**SCHUETZE & McGAHA, P.C.**
3  601 S. Rancho Drive, Suite C-20
Las Vegas, Nevada 89106
4  (702) 369-3225

5  Attorneys for Plaintiff

## DISTRICT COURT

## CLARK COUNTY, NEVADA

EMILY ZERVAS,

    Plaintiff,

vs.

USAA GENERAL INDEMNITY COMPANY, a foreign corporation doing business in Nevada, DOES I through X and ROE CORPORATIONS XI through XX,

    Defendants.

**CASE NO:** A-17-765798-C
**DEPT. NO:** Department 24

## COMPLAINT

Plaintiff, **EMILY ZERVAS,** by and through his attorney, **WILLIAM W. McGAHA, ESQ.** of the law firm of **SCHUETZE & MCGAHA, P.C.**, complains of Defendants, and each of them, and alleges as follows:

I.

### GENERAL ALLEGATIONS

1. At all times mentioned herein, Plaintiff, EMILY ZERVAS (hereinafter Emily), was a resident of the County of Clark, State of Nevada.

///
///
///

Page 1 of 6

Case Number: A-17-765798-C

USAA Confidential

USAA000001

0901119c9d461b9f

2. That at all time mentioned herein, upon information and belief, Defendant, USAA GENERAL INDEMNITY COMPANY was and is a foreign corporation and is duly licensed to do business and is engaged in the business of selling insurance, in the County of Clark, State of Nevada.

3. That at all the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada.

4. That the identities of the Defendant, DOES 1 through X and ROES XI and XX, are unknown at this time and may be individuals, partnerships, companies, corporations, or other entity. Plaintiff alleges that each Defendant designated herein as DOE and ROE are responsible in some manner for the damages alleged herein. Therefore, Plaintiff requests leave of the Court to amend this Complaint to name the Defendants specifically when their true identities become known.

II.

**FIRST CAUSE OF ACTION (DECLARATORY RELIEF)**

5. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 4 herein, and incorporates the same by reference as though fully set forth herein.

6. On or about August 3, 2017, Plaintiff, Emily, was involved in a serious motor vehicle accident as a result of the negligence of an uninsured motorist. At the time of the accident, Emily was a passenger on a motorcycle driven by Jason Masterman. The accident took place in Las Vegas, Nevada.

7. As a direct and proximate result of the accident, Plaintiff Emily, suffered serious physical injuries.

8. That the tortfeasor driver involved in the accident fled the scene of the accident, and that driver was never identified and no liability insurance ever identified to afford coverage to the loss, thereby making this case an uninsured motorist claim.

9. As further, direct and proximate result of the accident, Plaintiff incurred substantial expenses for medical care and treatment.

USAA000002

USAA Confidential

0901119c9d461b9f

10. As further direct and proximate result of the accident, Plaintiff, has suffered and continues to suffer physical pain, disability, emotional distress, including, but not limited to, intense physical and mental pain, anxiety, loss of sleep and depression, and wage loss. That Plaintiff has suffered certain injuries and damages which are permanent and life long in nature. Plaintiff has suffered a diminishment in earning capacity and has lost income and likely will continue to lose income as a result of the injuries suffered in the accident.

11. That Plaintiff's medical expenses, and wage loss, and pain and suffering are covered benefits under the contract of insurance with Defendant. That there is an offset to damages under the policy with the Defendant USAA of $5,000 for medical payments coverage.

12. At the time of the accident, Plaintiff was insured with USAA under policy number 0267 17 42G 7101 8 with uninsured motorist policy limits of $300,000.00 per person, per accident. In addition to the USAA policy, there are other policies of uninsured motorist coverage available to the Plaintiff for the August 3, 2017 loss. The additional policies which afford coverage are through GEICO policy 4420-46-22-95 with policy limits of $100,000 and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY policy 085241428 with policy limits of $100,000.

13. That Defendant, including DOES I through X and ROES XI through XX, were and are obligated to compensate Plaintiff for her injuries and damages she sustained in the above mentioned accident by virtue of and consistent with the uninsured motorist coverages identified.

14. That the combined policy limits of the three uninsured motorist policies identified total $500,000. That the compensable injuries and damages to the Plaintiff, as defined under the policies of UM coverage, are in excess of the combined $500,000 limits.

15. That USAA, Geico, and State Farm have all extended UM coverage for the accident of August 3, 2017 and verified that the Plaintiff is an insured for the purposes of UM coverage under each of the policies identified.

16. That in the accident in question, the Plaintiff was a fault free passenger and that

1 | therefore there are no comparative fault offsets to damages.

2 | 17. That on or about November 14, 2017, USAA extended an offer of $180,000 to
3 | the Plaintiff to settle her UM claim under the USAA policy as described herein.

4 | 18. USAA has represented that based upon the accumulated coverages, which total
5 | $500,000, that USAA is entitled to write down it's own coverage applicable to the accident to
6 | $180,000. That by reducing the coverage available under the USAA policy, from confirmed
7 | limits of $300,000 down to $180,000, USAA saves $120,000 at the expense of the Plaintiff.

8 | 18. That this coverage decision was made by USAA with the full understanding
9 | that the damages of the Plaintiff exceed the combined policy limits of $500,000 as described
10 | herein.

11 | 19. That the decision of USAA has no basis in and is contrary to the language and
12 | terms of the contract of insurance.

13 | 20. That the decision of USAA to reduce actual coverage as it has done in this case
14 | is contrary to public policy and law in the State of Nevada.

15 | 21. That pursuant to **NRS 30.040**, jurisdiction of this matter rests with this court.
16 | That the Plaintiff is therefore asking this Court to adjudicate the rights of the parties herein
17 | under the applicable contract of UM insurance.

18 | 22. That pursuant to the written contract which affords coverage to the Plaintiff, the
19 | Defendant USAA is contractually obligated to extend the full amount of the policy limits, and
20 | that no pro rata coverage write down is applicable as damages exceed the collective limits of
21 | all the UM carriers.

22 | 23. That USAA is attempting to create a financial windfall for itself through it's actions
23 | in diminishing the coverage which was purchased and otherwise available to the Plaintiff.

24 | 24. As a further and direct proximate result, Plaintiff was forced to retain an attorney
25 | to prosecute the instant action, incurring attorney's fees and costs and is therefore entitled to
26 | same from USAA in prosecuting this action.

27 | ///

28 |

USAA000004

USAA Confidential

0901119c9d461b9f

## III.

## SECOND CAUSE OF ACTION (BREACH OF CONTRACT)

25. That Defendant, through it's actions, is refusing to tender the full policy benefits even after concluding that the claim of the Plaintiff is in excess of the USAA policy limits and the collective policy limits as set forth above, thereby breaching the contract for uninsured motorist coverage. That the policy benefits which were offered by Defendant were not reasonable, not based upon any policy language, and in violation of the contract. The appropriate policy limits and value of the uninsured motorist claim through USAA is $300,000.

26. That USAA has breached the terms of the contract of UM insurance, and that the Plaintiff is entitled to the benefits. That by virtue of the injuries and damages suffered in the accident described above, the damages of the Plaintiff exceed the value of the coverage. That Plaintiff is therefore entitled to the policy limits.

27. That Plaintiff is further entitled to costs and attorney's fees for having to bring this action under these circumstances.

28. That to the extent appropriate, Plaintiff will seek to amend her Complaint to conform to discovery as necessary.

29. That as a direct and proximate result of Defendants' wrongful conduct, Plaintiff, has suffered and will continue to suffer damages payable under the applicable uninsured motorist policy, in an amount in excess FIFTEEN THOUSAND DOLLARS ($15,000.00) for the breach of contract claim.

///
///
///
///
///
///
///
///

USAA000005

USAA Confidential

0901119c9d461b9f

WHEREFORE, Plaintiff, expressly reserves the right to amend this Complaint at the time of the trial to include all items of damage not yet ascertained, demands judgment against Defendant, as follows:

1. For Declaratory Judgment in her favor on the UM contract claim and that the Court declare that Plaintiff is afforded the $300,000 coverage limits as set out in this Complaint;

2. For damages for the breach of the UM contract in the amount of $300,000;

3. For pre- and post-judgment interest as provided by law and contract;

4. Reasonable attorney's fees, costs of suit incurred herein, and interest; and

5. For such other and further relief as this Court deems proper.

**DATED** this ___10___ day of December, 2017.

                        **SCHUETZE & McGAHA, P.C.**

                        By _____
                           WILLIAM W. McGAHA, ESQ.
                           Nevada Bar #3234
                           601 S. Rancho Drive, Suite C-20
                           Las Vegas, Nevada 89106
                           Attorney for Plaintiff

USAA000006

0901119c9d461b9f

USAA Confidential