UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EMILY ZERVAS, | Case No. 2:18-cv-00051-JAD-GWF |
| Plaintiff, | |
| v. | **ORDER** |
| USAA GENERAL INDEMNITY COMPANY, | **Re: Motion to Stay Discovery (ECF No. 16)**<br>**Motion for Protective Order (ECF No. 19)** |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Stay Discovery Pending the Outcome of Motion for Summary Judgment (ECF No. 16) and Defendant's Motion for a Protective Order (ECF No. 19), filed on April 2, 2018. Plaintiff filed her Response (ECF No. 28) on April 30, 2018, and Defendant filed its Reply (ECF No. 35) on May 11, 2018. The Court conducted a hearing in this matter on May 16, 2018.

## **BACKGROUND**

Plaintiff Emily Zervas was injured in an accident while riding as a passenger on a motorcycle. The accident was caused by the negligence of an uninsured motorist. Plaintiff alleges that her bodily injury damages exceed $500,000. The motorcycle was insured under a policy issued by GEICO Insurance Company which provided $100,000 in uninsured motorist ("UM") coverage. GEICO paid the $100,000 UM limits to Plaintiff. Ms. Zervas' father is the named insured on an automobile insurance policy issued by State Farm Insurance Company which provides $100,000 in UM coverage. State Farm has paid the $100,000 UM limits of its policy to Ms. Zervas. Ms. Zervas' mother is the named insured on an automobile insurance policy issued by Defendant USAA which provides uninsured motorist coverage limits of $300,000 per person and $500,000 per occurrence. Plaintiff has brought this action against

1

USAA for declaratory relief and breach of contract to recover the $300,000 UM limits of the USAA policy. She does not, at present, allege a claim for "insurance bad faith" or violation of the Nevada unfair claims practices act, Nevada Revised Statute ("NRS") 686A.310.

Defendant has filed a motion for summary judgment in which it argues that based on the "other insurance clauses" in the GEICO, State Farm and USAA policies, and the provisions of Nevada's "anti-stacking" statute, NRS 687B.145(1), it is only obligated to pay its pro rata share of the combined UM limits of the three policies. USAA's pro rata share of the combined limits is 60 percent, or $180,000, which it has tendered to the Plaintiff.

Plaintiff argues that the UM coverages under the three policies may only be prorated if the insured's total damages are less than the combined limits of the available coverages and the insured is fully compensated for her damages. She argues that this case is not governed by NRS 687.145(1) because the three policies were issued by three different insurance companies. Assuming that NRS 687.145(1) applies, however, Plaintiff argues that Defendant must satisfy all three requirements of the statute which provides as follows:

> Any policy of insurance or endorsement providing coverage under the provisions of NRS 690B.020 or other policy of casualty insurance may provide that if the insured has coverage available to him under more than one policy or provision of coverage, any recovery or benefits may equal but not exceed the higher of the applicable limits of the respective coverages, and the recovery or benefits must be prorated between the applicable coverages in the proportion that their respective limits bear to the aggregate of their limits. Any provision which limits benefits pursuant to this section must be in clear language and be prominently displayed in the policy, binder or endorsement. Any limiting provision is void if the named insured has purchased separate coverage on the same risk and has paid a premium calculated to full reimbursement under that coverage.

The insurer has the burden of proving that it has complied with the requirements of the statute. *Serrett v. Kimber*, 874 P.2d 747, 751 (Nev. 1994). The Court noted that with respect to the third requirement, the insurer has virtually sole access to the relevant documents and possesses the expertise needed to explain and justify its premiums. The insurer must produce actual evidence to support its assertion that the insured was not charged a premium calculated for full reimbursement under the coverage. *Id.*

2

Defendant argues that NRS 687B.145(1) only operates to void limitations provisions when the "named insured" has purchased separate coverage on the same risk and has paid a premium calculated for full reimbursement under that coverage. Therefore, the third prong of the statute only applies if the insured has purchased separate i.e., more than one UM coverage. Because USAA issued only one UM policy to Plaintiff's mother, the third prong does not come into play. *Reply* (ECF No. 38), at 2. Defendant also argues that its premiums are approved by the Nevada Department of Insurance. Defendant's argument regarding NRS 687B.145(1) may be correct. It does not, however, cite any Nevada or federal court decision that so holds.

## **DISCUSSION**

The test for staying discovery pending resolution of a potentially dispositive motion is well established in this district. A stay of discovery may be granted if the pending motion is (1) potentially dispositive; (2) it can be decided without additional discovery; and (3) the court has taken a "preliminary peek" at the merits of the pending motion and is convinced that the plaintiff will be unable to state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D.Nev. 2013); *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D.Nev. 2011). "The default assumption is that discovery should go forward while a dispositive motion is pending. 'Absent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed.'" *Allstate Ins. Co. v. Belsky*, 2018 WL 2287142, at *1 (D.Nev. Mar. 23, 2018) (quoting *Traska v. International Game Technology*, 2011 WL 1233298 at *3 (D.Nev. Mar. 29, 2011)). Although some district courts within the Ninth Circuit have applied a more lenient test for granting a stay of discovery, *see Tradebay*, 278 F.R.D. at 602-603 (discussing decisions), the requirement that the court be convinced that plaintiff will be unable to state a claim for relief is set forth in *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) and *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1979). The test does not include a weighing of the burden and expense of discovery in deciding whether to stay discovery. To the contrary, "[a] showing that discovery may involve some inconvenience and expense does not suffice to establish good cause for a protective order." *Tradebay*, 278 F.R.D. at 601 (citing *Twin City Fire Ins. V. Employers of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989)).

3

In this case, Plaintiff has identified at least one issue on which discovery appears proper: Whether the named insured paid a premium calculated for full reimbursement under the UM coverage.[1] Plaintiff is entitled to determine how USAA calculated the premium for uninsured motorist coverage and whether that calculation complies with the requirement of NRS 687B.145(1). Such discovery may include requests for production of relevant underwriting documents and a deposition of Defendant's actuary. While Defendant makes a potentially valid argument regarding the UM coverage afforded by the policy, the Court is not convinced that its motion for summary judgment will be granted. Furthermore, discovery on this issue will not be unduly burdensome even if Defendant is ultimately successful on its motion for summary judgment.

The other requirements of NRS Section 687B.145(1), whether the provision is stated in "clear language" and is "prominently displayed" in the policy, are issue of law which can be decided without resort to extrinsic evidence. The same is true with respect to the construction of "other insurance" clauses. Discovery on these issues is unnecessary.

Plaintiff also alleges that Defendant represented that it reached an agreement with the other insurers, GEICO and State Farm, as to how the UM coverages would be prorated and paid and that she is entitled to conduct discovery regarding that agreement or understanding. The Court disagrees. Any such agreement or understanding is irrelevant to the determination of policy coverage. Plaintiff and Defendant are bound by the terms of the insurance contract and the law applicable thereto. An agreement or understanding between Defendant and other insurers cannot vary the insurer's obligations under the insurance contract and governing law.

Likewise, Plaintiff's desire to depose the USAA adjuster regarding his interpretation of the other insurance clause will not be permitted because such testimony is irrelevant. The interpretation of an insurance policy is a question of law for the court. *Century Surety Co. v. Casino West, Inc.*, 329 P.3d 614, 616 (Nev. 2014). *See also United Nat'l Ins. Co. v. Frontier Ins. Co.*, 99 P.3d 1152 (D.Nev. 2004) and *Benchmark Ins. Co. v. Sparks*, 254 P.3d 617, 621 (Nev.

---

[1] Plaintiff also argues that she is entitled to receive a certified copy of the USAA policy which should have been attached as an exhibit to Defendant's motion for summary judgment. Defendant has attached a copy of the policy to its Reply (ECF No. 38), Exhibit E, but it is not certified as a true and correct copy of the policy.

4

2011). Expert testimony is generally irrelevant on the issue of policy interpretation. *McHugh v. United Service Automobile Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999); *Diamond State Ins. Co v. Gulli*, 2012 WL 113016, at *1 (D.Nev. Jan. 12, 2012); *Flintkote Co. v. General Acc. Assur. Co.*, 410 F.Supp.2d 875, 885 (N.D.Cal. 2006): *Willard v. Foremost Ins. Co.*, 2014 WL 12589331, at *3 (C.D.Cal. May 9, 2014). Clearly, a non-expert insurance adjuster's interpretation of a policy provision is irrelevant.[2]

Based on the foregoing, Plaintiff is entitled to conduct discovery regarding the premiums for the underinsured motorist coverage under the USAA policy in light of the requirements in NRS 687.145(1). Plaintiff is also entitled to obtain a certified copy of the policy from Defendant. Plaintiff is not entitled to conduct other discovery which is irrelevant to the determination of the UM coverage limits applicable to her claim. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay Discovery Pending the Outcome of Motion for Summary Judgment (ECF No. 16) and Defendant's Motion for Protective Order (ECF No. 19) are **denied**, in accordance with the provisions of this order. Any discovery conducted in this case shall be confined as discussed above.

DATED this 7th day of June, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] The adjuster's interpretation of the policy may be relevant, however, on a claim for insurance bad faith or for violation of the unfair claims practices act.

5