|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | DISTRICT OF NEVADA | |
| | * * * | |
| EMILY ZERVAS, | | Case No. 2:18-CV-00051-JAD-EJY |
| Plaintiff, | | **ORDER** |
| v. | | |
| USAA GENERAL INDEMNITY COMPANY, | | |
| Defendant. | | |

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 58). The Court has considered the Motion, Defendant's Response (ECF No. 64), and Plaintiff's Reply (ECF No. 66).

**Pertinent Procedural History**

Plaintiff's Motion seeking to file a second amended complaint comes after the Court issued an order Denying Defendant's Motion for Summary Judgment and granting Plaintiff summary judgment on her breach of contract and declaratory relief claims. ECF No. 47. The Court also concluded that Plaintiff is entitled to $120,000 in additional uninsured motorist benefits from Defendant, but the Court declined to certify its ruling as a final order under Fed. R. Civ. P. 54(b). *Id.* Finally, the Court granted Plaintiff's motion for leave to amend her complaint (ECF No. 45) ordering Plaintiff to file her amended complaint within 10 days of the Court's Order entered on February 27, 2019. *Id.*

Plaintiff complied with the Court' Order and filed an amended complaint on February 28, 2019. ECF No. 49. Defendant then filed a motion to dismiss the amended complaint or in the alternative for summary judgment (ECF No. 52). Thereafter, Plaintiff filed the presently pending motion for leave to file a second amended complaint (ECF No. 48).

**Discussion**

Federal Rule of Civil Procedure 15 sets out the various times and applicable rules for seeking to amend a complaint. Pursuant to Fed. R. Civ. P. 15(a)(2), a party may amend a complaint (when

1

amendment as a matter of right is not available) if the opposing party consents or upon leave of court. Here, Plaintiff's motion seeking leave to file an amended complaint was granted on February 27, 2019. ECF No. 47. Plaintiff's Amended Complaint (ECF No. 49) asserted the same cause of action with which Defendant currently takes issue. Specifically, Plaintiff's Amended Complaint asserted "Extra Contractual Causes of Action" in which Plaintiff's wording is virtually identical to the wording in Plaintiff's proposed second amended complaint up to Paragraph 48. Paragraphs 49 through 58 in the proposed second amended complaint are new. However, these paragraphs do change the substance of the assertion made in Plaintiff's Extra Contractual Cause of Action that appeared in her Amended Complaint.

Specifically, Paragraph 49 through 51 of Plaintiff's proposed second amended complaint recite Plaintiff's assertions regarding the outcome of the Motion for Summary Judgment and a statement made by Defense counsel at a May 16, 2019 hearing before the Court. Paragraph 52 through 56 cite Defendant's failure to abide by the Court's non-final Order on summary judgment, and Paragraph 58 alleges an award of punitive damages is appropriate.

Defendant takes particular issue with Paragraph 57, which states: "That the Other insurance clause found in the contract of insurance between the parties fails to comply with NRS 687B.145(1) and the OTHER insurance clause as written and implemented by USAA is therefore against public policy." Defendant argues that it will be prejudiced by this paragraph because (1) "Plaintiff has already prevailed on her breach of contract and declaratory relief claims, yet seeks to add an allegation that the 'Other Insurance' clause in USAA-GIC's policy fails to comply with NRS 687B.145(1) and is against public policy and is unenforceable"; (2) this allegation supposedly goes "to the heart" of Plaintiff's breach of contract and declaratory relief claims on which she has already prevailed; and (3) allowing Plaintiff to assert additional allegation in support of claims on which she prevailed denies Defendant the opportunity to litigate the validity of those allegations. ECF No. 64 at 4:13-21. Defendant also states that Plaintiff's motion seeking to file her second amended complaint should be denied as "prejudicial" because insurers are allowed to "litigate coverage issues without the threat of liability for bad faith." *Id*. at 4:25-26. Defendant cites no case law for this proposition, but the Court does not disagree that, generally, insurance litigation does not

automatically give rise to a claim of bad faith. However, as explained in *Searcy v. Esurance*, 243 F.Supp. 3d 1146, 1153, (D.Nev 2017), "Nevada law … allows a separate bad faith action based on post-filing refusal to consider new evidence… [and] such claims generally are not claim precluded." *Searcy*, 243 F.Supp. 3d at 1153 also quotes *Guar. Nat. Ins. Co. v. Potter*, 919 P.2d 267, 272 (Nev. 1996) for the proposition that "[b]ad faith is established where the insurer acts unreasonably and with knowledge that there is no reasonable basis for its conduct."

Here, Plaintiff did not file a separate action for bad faith, but seeks to add a claim of bad faith and a request for punitive damages to her existing claim based on Defendant's post summary judgment conduct. The Order granting Plaintiff summary judgment on her breach of contract and declaratory relief claims is not a final appealable order (ECF No. 47). However, given the Nevada law, which clearly holds that separate actions for bad faith based on post-filing conduct of an insurer are not generally "claim precluded," it is axiomatic that including such a claim in an existing filing would not be precluded.

The Court understands the difference between these two events; that is, in the first example, the determination that the insurer breached a contract and failed to fulfill whatever order was made by the court is *final*, after which the bad faith claim is filed; whereas, in the second example, as is true here, there is no *final* appealable order. But, this difference is not compelling. If Plaintiff had included a bad faith claim in her initial complaint, based on a then good faith belief and investigation of facts that Defendant's conduct was sufficient to warrant such a claim, Defendant might file a motion to dismiss; however, such a motion at the early stage of litigation would not be successful if Plaintiff set out sufficient facts to withstand such a challenge. In this instance, as in others noted by Plaintiff, Plaintiff did not learn of sufficient facts to warrant a bad faith claim until she engaged in discovery and the Court granted summary judgment as a matter of law that Defendant's interpretation of its contract with Plaintiff was wrong. ECF No. 58-1. That this claim is potentially prejudicial to Defendant is not determinative and does not render this claim futile.

The same judge, who understands the facts of this case, will consider additional facts pertaining to bad faith. This is efficient and far better than dragging the parties back into court years after the findings on summary judgment, if appealed, are ruled on by the Circuit Court. Defendant

may file a motion to dismiss or a motion for summary judgment regarding Plaintiff's Extra Contractual Causes of Action in her Second Amended Complaint, but Plaintiff's filing to include the addition of this claim will be granted as first ordered by the Court in February 2019 (ECF No. 47).

**Order**

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 58) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court shall separate and electronically file the Second Amended Complaint attached to ECF No. 58.

DATED: August 27, 2019

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE