# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Emily Zervas,

    Plaintiff

v.

USAA General Indemnity Co.,

    Defendant

Case No.: 2:18-cv-00051-JAD-EJY

**Order Denying USAA's Motion for Reconsideration, Certification to the Supreme Court of Nevada, or Certification for Interlocutory Appeal and Denying USAA's Motion to Dismiss as Moot**

[ECF Nos. 52, 67]

    Defendant USAA moves for reconsideration of my order granting summary judgment in favor of plaintiff Emily Zervas. In that order, I found that because USAA's "other insurance" provision conflicted with other policies providing coverage for the underlying incident, the rule articulated by the Oregon Supreme Court in *Lamb-Weston, Inc. v. Oregon Automobile Insurance Co.*[1]—and later adopted by the Supreme Court of Nevada[2]—applies.[3] And because USAA paid Zervas only a portion of the amount owed to her under the *Lamb-Weston* rule, I granted summary judgment to Zervas on her breach-of-contract and declaratory-relief claims.[4]

    USAA now argues that I erred because the legislative history of N.R.S. § 687B.145, which permits insurers to prohibit stacking of insurance policies, suggests that the statute abrogated the *Lamb-Weston* rule.[5] As an alternative to reconsideration, USAA requests that I certify the question to the Supreme Court of Nevada or certify the order for interlocutory appeal

---

[1] *Lamb-Weston, Inc. v. Oregon Auto. Ins. Co.*, 346 P.2d 643 (Or. 1959).

[2] *Travelers Inc. Co. v. Lopez*, 567 P.2d 471, 474 (Nev. 1977).

[3] ECF No. 47 at 3–7.

[4] *Id.* at 7–9.

[5] ECF No. 67 at 6–8.

under 28 U.S.C. § 1292(b).[6] Because USAA had ample opportunity to argue that § 687B.145 displaced the *Lamb-Weston* rule in its summary-judgment briefing but failed do so, I deny its motion for reconsideration and alternative request to certify a question to the Supreme Court of Nevada. I also deny USAA's request to certify my order for interlocutory appeal because I find that it would not materially advance resolution of this litigation. USAA also moves for dismissal of or summary judgment on Zervas's amended complaint, but Zervas has since filed a second amended complaint. So I deny that motion as moot.

## Discussion[7]

### I. Motion to dismiss or for summary judgment (ECF No. 52)

USAA moves to dismiss Zervas's amended complaint or, in the alternative, grant it summary judgment.[8] "It is well-established in [the Ninth Circuit] that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'"[9] An amended complaint thus moots any motion directed at an earlier version of the complaint.[10] Zervas filed a second amended complaint after USAA filed its motion to dismiss Zervas's first amended complaint.[11] So, I deny USAA's motion as moot.[12]

---

[6] *Id.* at 11–17.

[7] The parties are familiar with the facts of this case and I will not repeat them in detail here. I incorporate herein the facts detailed in my summary-judgment order. ECF No. 57

[8] ECF No. 52.

[9] *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)).

[10] *See id.*

[11] ECF No. 86.

[12] *See also* ECF No. 85 (order granting leave to file second amended complaint) ("Defendant may file a motion to dismiss or a motion for summary judgment regarding Plaintiff's Extra Contractual Causes of Action in her Second Amended Complaint.").

## II. Motion for reconsideration, certification to the Supreme Court of Nevada, or certification for interlocutory appeal (ECF No. 67)

### A. Reconsideration

USAA argues that I erred by applying the *Lamb-Weston* rule to void USAA's allocation provision because N.R.S. § 687B.145 was intended to supersede judicial decisions allowing stacking of insurance policies, including the *Lamb-Weston* rule.[13] Zervas responds that reconsideration is inappropriate because USAA could have raised this argument in its motion for summary judgment.[14]

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it has jurisdiction.[15] A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" by presenting "facts or law of a strongly convincing nature."[16] Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[17] "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled."[18] And a motion

---

[13] ECF No. 67.

[14] ECF No. 72

[15] *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); LR 59-1.

[16] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

[17] *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[18] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

for reconsideration may not be based on arguments or evidence that could have been raised previously.[19]

USAA could have argued that the *Lamb-Weston* rule was abrogated by § 687B.145 in its summary-judgment briefing. The legislative history it points to is from 1979.[20] It is not new information. In reply, USAA seeks to justify its omission on its "expectation . . . that a clear and unambiguous statute [§ 687B.145] will be enforced as written without the need for discussion of legislative intent."[21] But USAA argued in its motion for summary judgment that the *Lamb-Weston* rule was merely inapplicable on these facts.[22] It now maintains that the *Lamb-Weston* rule is not only inapplicable here, but was in fact superseded by § 687B.145.[23] So, USAA chose to litigate *Lamb-Weston*'s applicability rather than viability, and now asks me to reconsider my order on the basis of the latter. I decline to. Because reconsideration is inappropriate when a party could have raised an argument earlier but failed to do so, I deny USAA's motion for reconsideration.

---

[19] *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

[20] ECF No. 67 at 7.

[21] ECF No. 88 at 4.

[22] ECF No. 14 at 8–9. USAA previously argued that the *Lamb-Weston* rule remains good law in Nevada. *Id.* at 8 ("This result is in accord with Nevada law which has adopted the Oregon or '*Lamb-Weston*' rule of insurance law concerning conflicting Other Insurance clauses." (emphasis omitted)). The doctrine of judicial estoppel might otherwise apply here to "protect against a litigant playing fast and loose with the courts," but I do not decide the motion on this basis because Zervas does not raise it. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)); *see also Helfand v. Gerson*, 105 F.3d 530, 535 (9th Cir. 1997) ("[J]udicial estoppel applies to a party's stated position, regardless of whether it is an expression of intention, a statement of fact, or a legal assertion.").

[23] ECF No. 88 at 4 ("[T]he statute abrogated the *Lamb-Weston* rule.").

### B. Certification to the Supreme Court of Nevada

USAA moves to certify two questions to the Supreme Court of Nevada: (1) whether N.R.S. § 687B.145 overruled the *Lamb-Weston* rule and (2) if not, how *Lamb-Weston* applies when an insurer limits liability in conformance with § 687B.145 but other insurance policies also apply.[24] Zervas responds that certification is inappropriate where, as here, USAA already lost the issue.[25]

"Certification of open questions of state law to the state supreme court . . . rests in the sound discretion of the federal court."[26] "There is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision."[27] The Ninth Circuit has held that a "party should not be allowed 'a second chance at victory' through certification by the appeals court after an adverse district court ruling,"[28] and the same rationale disfavors certification on a motion for reconsideration.[29]

As discussed above, USAA could have litigated the viability of the *Lamb-Weston* rule, but chose not to do so. Had it litigated that issue, USAA could have requested that I certify questions to the Supreme Court of Nevada in its summary-judgment briefing. But it did not. Because I will not permit USAA "a second chance at victory" at this juncture, I deny its request to certify questions to the Supreme Court of Nevada.

---

[24] ECF No. 67 at 11.

[25] ECF No. 72 at 7–9.

[26] *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008) (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).

[27] *Id.*

[28] *Id.* (quoting *In re Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984)).

[29] *See, e.g.*, *Carolina Cas. Ins. Co. v. McGhan*, 572 F. Supp. 2d 1222, 1226 (D. Nev. 2008).

**C. Certification for interlocutory appeal**

USAA alternatively requests that I certify my order granting summary judgment in favor of Zervas for interlocutory appeal under 28 USC § 1292(b).[30] Zervas responds that an interlocutory appeal would be inefficient and criticizes USAA's request as a ploy for leverage.[31]

Generally, the United States Courts of Appeals have appellate jurisdiction only over "final decisions of the district courts."[32] Congress has, however, created a narrow exception to this final-judgment rule. Under 28 U.S.C. § 1292(b), a district judge may certify a non-appealable order to the Court of Appeals for interlocutory review if the order (1) "involves a controlling question of law" (2) "as to which there is a substantial ground for difference of opinion" and (3) "an immediate appeal from the order [may] materially advance the ultimate termination of the litigation."[33] The Ninth Circuit has noted that "§ 1292(b) is to be applied sparingly and only in exceptional cases."[34] Because the interlocutory-appeal statute "is a departure from the [final-judgment rule], it must be construed narrowly."[35] It is intended to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation.[36]

Although my prior order involves a controlling question of law, I find that this is not an "exceptional situation" because an interlocutory appeal would not materially advance the

---

[30] ECF No. 67 at 13–17.

[31] ECF No. 72 at 9.

[32] 28 U.S.C. § 1291.

[33] *See* 28 U.S.C. § 1292(b); *see also In re Cement*, 673 F.2d 1020, 1026 (9th Cir. 1982) (en banc).

[34] *United States v. Woodbury*, 263 F.2d 784, 788 n. 11 (9th Cir. 1959) (citations omitted).

[35] *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).

[36] *In re Cement*, 673 F.2d at 1026.

6

litigation.  The grant of summary judgment on Zervas's breach-of-contract and declaratory-relief claims leaves only her extra-contractual claims to be determined.  These remaining claims are likely to be resolved on summary judgment.  Indeed, USAA moved in the alternative for summary judgment on the extra-contractual claims in Zervas's amended complaint,[37] suggesting that the same claims in Zervas's second amended complaint can also be resolved on a summary-judgment motion.[38]  I thus deny USAA's motion to certify my prior order for interlocutory appeal.

## Conclusion

Accordingly, **IT IS HEREBY ORDERED** that USAA's motion to dismiss **[ECF No. 52] is DENIED as moot**.

**IT IS FURTHER ORDERED** that USAA's motion for reconsideration, certification to the Supreme Court of Nevada, or certification for interlocutory appeal **[ECF No. 67] is DENIED.**

Dated: December 18, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[37] ECF No. 52.

[38] It appears that the deadline for such motions has long-since lapsed.  *See* ECF No. 12 (citing August 31, 2018 as the dispositive-motion deadline).  But Plaintiff has only recently amended her complaint.  *See* ECF No. 86.  I do not intend by this order to prejudge the likely success of any forthcoming request to reopen deadlines.