UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EMILY ZERVAS, | Case No. 2:18-CV-00051-JAD-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| USAA GENERAL INDEMNITY COMPANY, | |
| Defendant. | |

Before the Court is Plaintiff Emily Zervas' Motion to Establish Discovery Schedule for New Claims in Second Amended Complaint. ECF No. 91. The Court has considered Plaintiff's Motion, Defendant's Response (ECF No. 93), and Plaintiff's Reply (ECF No. 96). The Court finds as follows.

**I.    RELEVANT BACKGROUND**

This case commenced on January 10, 2018, with a petition for removal filed by Defendant. ECF No. 1. Defendant filed a motion for summary judgment on April 2, 2018 (ECF No. 14) that was denied on February 27, 2019 (ECF No. 47). Defendant also filed motions to stay discovery and for protective order on April 2, 2018 (ECF Nos. 16 and 19), both of which were denied on June 7, 2018 (ECF No. 39). After Plaintiff filed her Amended Complaint on February 28, 2019 (ECF No. 49), Defendant again moved to dismiss (ECF No. 52). Defendant's second motion to dismiss was denied on December 18, 2019 (ECF No. 90). In the meantime, Plaintiff filed a motion for leave to file a second amended complaint (ECF No. 58), which was granted on August 27, 2019 (ECF No. 85).

The current motion to establish a discovery schedule for Plaintiff's new claims in the Second Amended Complaint follows Plaintiff propounding interrogatories, document requests, requests for admissions, and noticing the deposition of an insurance adjuster. ECF No. 91. Defendant responded

1 to all of Plaintiff's written discovery. *Id*. It was only after Plaintiff reset the insurance adjuster's
2 deposition that Defendant asserted the discovery period is closed and refused to allow the deposition
3 to go forward.
4       In its Response to Plaintiff's Motion, Defendant admits that when the Court denied its motion
5 to stay discovery the Court allowed discovery to occur. Specifically, the Court ordered:

> Plaintiff is entitled to conduct discovery regarding the premiums for the underinsured motorist coverage under the USAA policy in light of the requirements in NRS 687.145(1). Plaintiff is also entitled to obtain a certified copy of the policy from Defendant. Plaintiff is not entitled to conduct other discovery which is irrelevant to the determination of the UM coverage limits applicable to her claim.

9 ECF No. 39 at 5. However, when the Court denied Defendant's second motion to dismiss on
10 December 18, 2019, the Court further stated that "[i]t appears that the deadline for … [summary
11 judgment] motions has long-since lapsed. *See* ECF No. 12 (citing August 31, 2018 as the
12 dispositive-motion deadline). But Plaintiff has only recently amended her complaint. *See* ECF No.
13 86. I do not intend by this order to prejudge the likely success of any forthcoming request to reopen
14 deadlines." ECF No. 90 at n.38. No motion to reopen deadlines was filed by Defendant. Plaintiff's
15 instant motion to reopen was filed on January 28, 2020.

16       Defendant argues that because Plaintiff failed to file a motion to reopen discovery, until after
17 a deposition notice was issued, she should be precluded from taking the deposition of Defendant's
18 adjuster. Defendant takes this position despite having responded to substantial written discovery
19 before Plaintiff filed her instant motion. Defendant further contends, without filing its own motion
20 and instead in its Response to Plaintiff's Motion, that "the dispositive motion timeframe should be
21 re-opened and a dispositive motion deadline set." ECF No. 93 at 4. Defendant concludes that
22 "[s]hould the Court agree," Defendant will file "a dispositive motion no later than February 28, 2019
23 [sic]." *Id*. at 5:6-7.

24       In Reply, Plaintiff argues that the issue before the Court concerns Defendant's post-summary
25 judgment conduct, which is the basis for the bad faith claim asserted in Plaintiff's Second Amended
26 Complaint. ECF No. 96. Plaintiff cites to numerous paragraphs in her Second Amended Complaint

1 pertaining to Defendant's alleged breach of the duty of good faith and fair dealing and concludes
2 that discovery in the form of the adjuster's deposition, potentially the deposition of a person most
3 knowledgeable, and expert witnesses, is appropriate. *Id*.

**II.  DISCUSSION**

While Federal Rule of Civil Procedure 16(b) ordinarily governs the entry of a scheduling order that includes discovery, the timelines set by the parties' discovery plan and scheduling order in this case expired some time ago.  This expiration occurred amid substantial motion practice ultimately resulting in a post-denial-of-summary-judgment amended complaint, a second motion to dismiss, a Second Amended Complaint, and a denial of the second motion to dismiss in which the Court contemplated, but did not prejudge, requests to reopen discovery.

In order for a party to reopen discovery, the party "must establish good cause." *Federal Trade Commission v. AMY Services*, Case No. 2:12-cv-536-GMN-VCF, 2016 WL 4087268, at *1 (D. Nev. Jul. 29, 2016) (citation omitted). "Rule 16(b)'s 'good cause' standard primarily consider the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "The district court may modify the pretrial schedule, if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. Moreover, "[t]he Court has broad discretion in supervising the pretrial phase of litigation." *Werbicky v. Green Tree Servicing*, Case No. 2:12-cv-01567-JAD-NJK; 2014 WL 5470466, at *1 (D. Nev. Oct. 27, 2014); *citing Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir.2002).

Here, the parties appeared to agree on reopening written discovery as Defendant responded to Plaintiff diligently pursued interrogatories, document requests, and requests for admissions propounded very soon after Plaintiff filed her Second Amended Complaint (ECF No. 91 at 3).  There is also no dispute that Plaintiff appears to have promptly set the deposition of the claims adjuster as well. *Id*.  Defendant nonetheless contends that discovery is unnecessary because the remaining issue of its failure to pay Plaintiff "additional benefits" is one that can be decided on summary judgment. ECF No. 93 at 4.  Quoting *Pioneer Chlor Alkali Co. v. National Union Fire Ins. Co.*, 863 F.Supp.

1237 (D. Nev. 1994), Defendant states "[a]n insurer is not liable for 'bad faith' as a matter of law, even if it turns out to be incorrect on a coverage position, as long as the insurer had a reasonable basis to take the position that it did."[1]

Defendant's arguments are not persuasive. Defendant argues, in sum, that no discovery on newly asserted claims should be done despite having engaged in substantial written discovery because the issue before the Court may be decided on summary judgment. Defendant further argues it should be allowed to file another motion for summary judgment, without having made its own motion to reopen the expired deadlines, but Plaintiff should not have the opportunity to take the deposition of the adjuster or anyone else because Plaintiff noticed a deposition before seeking to reopen discovery.

The Court finds Plaintiff diligently pursued discovery on her extra-contractual claims following the filing of her Second Amended Complaint, which Defendant does not dispute. Even accepting that Defendant's statement regarding the standard for bad faith is true, there may still be a question of fact regarding whether an insurer had a reasonable basis to take the position that it did. That is, whether the insurer in this case had a reasonable basis to take the position it did is not necessarily identical to the Court's conclusion that Defendant's interpretation of its policy language was reasonable.

Therefore, the deposition of the claims adjuster diligently pursued will be allowed. Plaintiff's request to take a "PMK" deposition as a follow up witness infers, but does not identify, the subject matters that might be covered by such a deposition. With respect to Plaintiff's request for "expert witnesses," in the plural, the Court is concerned that this was first raised in Plaintiff's Reply Brief, there is no identification of the subject matters on which Plaintiff seeks expert opinions, and expert discovery, along with a PMK deposition, may substantially delay the resolution of this matter. Just as Rule 16, Fed. R. Civ. P., allows for the reopening of discovery for good cause, the Rule "is critical

---

[1] The Court notes that the footnote that follows this sentence, n.4, on page 4 of Defendant's Response, is an incomplete sentence (stating "Based on the Court's question in her order regarding whether NRS 686"). The Court further notes that the sentence that follows the quote above is a grammatically challenged sentence the import of which the Court is not clear it understands. *See id*. at 4:16-17 (stating: "Nor have we found any authority this filing an appeal to test the District Court's decision is bad faith.").

4

to the Court's management of its dockets and prevents unnecessary delays in adjudicating cases." *Branch Banking and Trust Company v. Rad*, Case No. 2:14-cv-01947, 2015 WL 7428553, at *3 (D. Nev. Nov. 18, 2015) (citation omitted).

### III.     CONCLUSION

Based on the foregoing, and good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion to Establish Discovery Schedule for New Claims in Second Amended Complaint (ECF No. 91) is GRANTED in part and DENIED in part as follows.

IT IS FURTHER ORDERED that Discovery shall be reopened for a period of 30 days to allow Plaintiff to take the deposition of Defendant's claims adjuster by videoconference or, if the parties otherwise agree, in person or by telephone.

IT IS FURTHER ORDERED that Plaintiff's request to reopen discovery for the potential purpose of taking the deposition of a person most knowledgeable is denied without prejudice. If Plaintiff seeks to take such deposition following the deposition of Defendant's claims adjuster, and the parties do not agree to such a deposition, Plaintiff may promptly renew its motion to reopen discovery for this purpose providing the Court with the reasons a person most knowledgeable deposition is needed and the subject matters to be covered during such deposition.

IT IS FURTHER ORDERED that Plaintiff's request to conduct expert discovery is denied without prejudice. Again, if Plaintiff believes such discovery is necessary to her claims, Plaintiff must promptly renew her motion providing the subject matters on which expertise is required.

DATED this 5th day of May, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE