UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

EMILY ZERVAS,

          Plaintiff,

v.

USAA GENERAL INDEMNITY COMPANY,

          Defendant.

Case No. 2:18-CV-00051-JAD-EJY

**ORDER**

Before the court is Defendant USAA General Indemnity Company's Emergency Motion to Stay Discovery Pending Outcome of Objection to Magistrate Judge's Order, and Emergency Motion for Protective Order (the "Emergency Motions").[1]  The court has considered Defendant's Emergency Motions and Plaintiff's Response thereto.[2]

I.      **Relevant Background**

The issue presented is a request to prevent discovery the court allowed to proceed through its May 5, 2020 Order[3] (the "May 5th Order") granting in part and denying in part Plaintiff's Motion to Establish Discovery Schedule for New Claims in Second Amended Complaint.[4]  The court's May 5th Order reopened discovery for a period of 30 days to allow Plaintiff to take a single deposition, that of Defendant's claims adjuster, by videoconference or an otherwise agreed upon method.[5]  The remainder of Plaintiff's Motion was denied without prejudice.

On May 12, 2020, Defendant filed an objection to the May 5th Order (the "Objection").[6]  In sum, the Emergency Motions ask the court to stay the May 5th Order pending the outcome of

---

[1]    ECF Nos. 100 and 101.
[2]    ECF No. 104.
[3]    ECF No. 97.
[4]    ECF No. 91.
[5]    ECF No. 97 at 5.
[6]    ECF No. 98.

Defendant's Objection as well as Defendant's currently filed Motion for Summary Judgment.[7] Defendant argues that the remaining issues to be decided "are strictly questions of law."[8]  Defendant contends that, despite the court's prior orders denying, among other things, Defendant's earlier motions for protective orders,[9] first motion for summary judgment,[10] motion to dismiss Plaintiff's amended complaint,[11] and motion for reconsideration of the court's order denying summary judgment,[12] as well as court orders granting Plaintiff summary judgment on her breach of contract and declaratory relief claims, and leave to file a second amended complaint,[13] the May 5th Order allowing one deposition regarding issues raised in Plaintiff's Second Amended Complaint "goes beyond the germane, already resolved issues in this case and should not be permitted."[14]

Plaintiff argues in opposition that Defendant did not meet the requirements of United States District Court for the District of Nevada Local Rule (hereinafter "LR") 7-4 because defense counsel's declaration did not certify he notified Plaintiff of the emergency or discussed with Plaintiff's counsel the possibility of resolving the dispute regarding setting the single deposition without the need for court action.[15]  Plaintiff further argues that there is no emergency that needs the court's attention (although Plaintiff admits that she set the deposition at issue for May 27, 2020), and that Defendant's "flurry of motions is meant to please USAA and stop the deposition."[16] Plaintiff also argues that Defendant's brief in support of the Emergency Motions is inappropriate, containing superfluous material from previous filings.[17]

---

[7]     ECF No. 98 at 1-2.  Defendant's pending motion for summary judgment is its third.  The first, ECF No. 14, was denied on February 27, 2020.  ECF No. 47.  The second motion for summary judgment was filed on March 14, 2019, in response to Plaintiff's amended complaint and is styled as in the alternative to a motion to dismiss.  ECF No. 52.  This second motion was denied as moot on December 18, 2019.  ECF No. 90.  The third motion for summary judgment was filed on May 15, 2020 (ECF No. 99), just ten days after the Court issued its order allowing Plaintiff to take the deposition of Defendant's claim's adjuster.  ECF No. 97.

[8]     *Id*. at 2.

[9]     ECF No. 39.

[10]    ECF No. 47.

[11]    ECF No. 90.

[12]    *Id.*

[13]    ECF No. 85.

[14]    ECF No. 100/101 at 2.

[15]    ECF No. 104 at 4-5.

[16]    ECF No. 104 at 5.

[17]    *Id.*

## II.    Analysis

A.    The Court Grants Defendant's Request to Proceed on an Emergency Basis Despite the Failure to Meet LR 7-4 Requirements.

LR 7-4(b) makes clear that events arising in civil litigation are rarely, truly emergencies requiring quick intervention of the court.  Further, LR 7-4(a) establishes a set of requirements a party must meet before the court will consider a motion on an emergency basis.  LR 7-4(a) states that a motion titled "Emergency Motion" must be accompanied by a declaration that sets out, among other things, the "nature of the emergency," a statement certifying that "after participation in the meet-and-confer process to resolve the dispute, the movant has been unable to resolve the matter without court action," and how the non-moving party was notified of the emergency motion.

In this case, the Declaration of Damon Stemen states that he spoke with Plaintiff's counsel on May 11, 2020, asked opposing counsel "if he would agree to stipulate to stay the discovery set forth in the Court's Order (ECF No. 97) pending resolution of USAA … filing an objection to the same," and opposing counsel "declined to agree" stating he would be setting the deposition allowed by the court for the end of May.[18]  Mr. Stemen's declaration also states that USAA "has filed a motion for summary judgment as to Plaintiff's 'extra-contractual claims' and seeks an emergency stay of discovery pending its resolution as its determination will likely dispose of all of Plaintiff's claims."[19]

The court sets aside the issue of whether the content of Defendant's declaration includes all of the elements required by LR 7-4,[20] and finds the issue raised sufficient to require quick attention of the court.  An emergency motion in federal court "must involve some significant degree of urgency, severity, and irreparability, and it must be a situation a court is well suited to remedy."[21] Here, the court gave Plaintiff 30 days to set the deposition of Defendant's claims adjuster, which meant the deposition had to go forward by or before June 5, 2020.[22]  Thus, even assuming Defendant

---

[18]    ECF No. 101-2 ¶¶ 3-6.
[19]    *Id.*
[20]    Defendant's declaration fails to establish the clear nature of the emergency or evidence that Defendant spoke to Plaintiff about a stay of discovery pending the outcome of Defendant's pending third motion for summary judgment, as opposed to the outcome of Defendant's Objection to the Court's Order allowing a single deposition to proceed.
[21]    *Goldberg v. Barreca*, Case no. 2:17-cv-2106-JCM-VCF, 2017 WL 3671292, at *5 (D. Nev. Aug. 24, 2017).
[22]    ECF No. 97 at 5.

1   brought its motions seeking a protective order and to stay the deposition almost immediately after

2   the court issued its May 5th Order, it is unlikely a decision would have issued before the expiration

3   of the time limit set for the deposition to proceed.  While Defendant did not articulate this basis for

4   emergency relief, and this failure alone is sufficient to deny Defendant's motion seeking emergency

5   relief, the court does not elevate form over substance.  The court considers Defendant's motions out

6   of order setting aside numerous other matters that are waiting for court attention.

7         B.    <u>Defendant's Motion to Stay Discovery and for Protective Order is Denied.</u>

8        Defendant seeks to stay the deposition of its claims adjuster not only until its Objection to

9   the May 5th Order is decided, but also until Defendant's pending motion for summary judgment is

10  decided.  Defendant argues, consistent with Defendant's previous motions to stay, that its current

11  motion for summary judgment will dispose of all issues before the court.[23]

12       As explained by the court when it denied Defendant's first motion for summary judgment

13  and granted Plaintiff's motion to amend:

14          Because USAA's other-insurance clause conflicts with the allocation provisions in
        the other applicable policies, Nevada law requires … [the court] to disregard

15          USAA's formula and instead prorate Zervas's loss among the insurers based on
        their share of the aggregate policy limits, making USAA responsible for 3/5 of the

16          $500,000 covered loss, or $300,000.[24]

17  Because the court also found no material issues of fact, the court *sua sponte* granted Plaintiff

18  summary judgment on her then-pending breach of contract and declaratory relief claims awarding

19  Plaintiff a total of $300,000 in benefits from Defendant USAA.[25]  The court went on to grant

20  Plaintiff's motion to amend her complaint to add a bad faith claim explaining that Plaintiff had not

21  previously amended her complaint and "the proposed new claim is premised in part on information

22  learned during discovery … ."[26]

23       Plaintiff filed her amended complaint, which Defendant moved to dismiss or, alternatively,

24  for summary judgment, but which motion was mooted when the court granted Plaintiff's request to

25

26  [23]     ECF Nos. 100/101 at 10.

   [24]     ECF No. 47 at 1.

27  [25]     *Id*. at 8-9 (explaining that USAA previously paid Plaintiff $180,000 based on its flawed proration calculation, and owed Plaintiff an additional $120,000 in benefits).

28  [26]     *Id*. at 11.

file a second amended complaint.[27]   In the course of denying Defendant's request for dismissal/summary judgment, the court reiterated that having granted Plaintiff's breach of contract and declaratory relief claims, only her "extra-contractual claims" of bad faith were left to be decided.[28]   The court stated that this remaining claim was likely to be resolved on summary judgment.[29]   In a footnote, the court also stated that Plaintiff only recently filed her second amended complaint, and was not prejudging "the likely success of any forthcoming request to reopen deadlines."[30]

Defendant now infers that these comments are properly interpreted to mean the court has concluded no discovery is needed to reach resolution on Plaintiff's bad faith claim given the court's previous conclusion that Defendant's "interpretation of the relevant 'Other Insurance' language in Defendant's policy was reasonable."[31]   Defendant argues that the "reasonable interpretation" finding by the court precludes Plaintiff's bad faith claim as a matter of law.[32]   The problem with Defendant's argument is that if Defendant's reasonable interpretation of its policy was *the* deciding factor, automatically resulting in a finding of no bad faith, there was no reason for the court to grant Plaintiff's request to amend her complaint.   It simply makes no sense to grant Plaintiff the ability to add a claim of bad faith if Defendant's "reasonable interpretation" of its policy language was definitive with respect to whether Defendant had acted in bad faith.   That is, the court would not grant leave to add a futile claim.

The issue that remains in this case pertains to post-summary-judgment conduct by Defendant.   Specifically, the focus is whether Defendant acted in bad faith given (1) the court's summary judgment order finding Plaintiff is owed the remainder of the coverage amount available under Defendant's policy, (2) the court's subsequent orders denying reconsideration, interlocutory

---

[27]   ECF No. 49, 52, 85, 86, and 90.
[28]   ECF No. 90 at 7.
[29]   *Id*.
[30]   *Id*. at n.38.
[31]   ECF No. 100/101 at 2 *citing* ECF No. 47 at 6 (fn. 18).   Footnote 18 states, in pertinent part, that "[w]ithout deciding whether this policy language is sufficiently clear under Nevada law, … I find USAA's interpretation of its policy is reasonable."
[32]   ECF No. 100/101 at 2 and 11.

appeal, and certification to the Nevada Supreme Court, and (3) Defendant's continued failure to pay Plaintiff.[33]

In the May 5th Order, the court notes Defendant's position that "[a]n insurer is not liable for 'bad faith' as a matter of law, even if it turns out to be incorrect on a coverage position, as long as the insurer had a reasonable basis to take the position that it did."[34]  However, the Court explained that even accepting that Defendant's statement regarding the standard for bad faith is accurate, there may still be a question of fact regarding whether this Defendant insurer, in this case, had a reasonable basis to take the position it did post-summary-judgment  That is, "whether the insurer in this case had a reasonable basis to take the position it did is not necessarily identical to the conclusion that Defendant's interpretation of its policy language was reasonable."[35]  Said slightly differently, but perhaps more succinctly, while Defendant's interpretation of its policy language was reasonable, taking the position that it would not pay Plaintiff post-summary judgment may not have been reasonable.  As such, the deposition of Defendant's claims adjuster may yield information relevant to Plaintiff's opposition to Defendant's currently pending motion for summary judgment.  Moreover, this single deposition, ordered to occur quickly, was proportionate to the remaining issues before the court.

Defendant also argues there are reasons, other than its pending motion for summary judgment, to grant a stay of discovery.[36]  Defendant cites to Fed. R. Civ. P. 26(c)(1) for the proposition that the court is empowered to grant a stay for good cause to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense."[37]  Defendant then cites to the standard it must meet its good cause burden.[38]

The party seeking a protective order (or stay of discovery) has the burden of demonstrating the need for such an order.[39]  "In order to meet that burden of persuasion, the party seeking the protective order must show good cause by demonstrating a particular need for the protection sought.

---

[33] ECF No. 90 at 3-7.
[34] ECF No. 97 at 4.
[35] *Id*.
[36] ECF No. 100/101 at 10.
[37] *Id*.
[38] *Id*.
[39] *Rosenstein v. Clark Cnty. Sch. Dist.*, No. 2:13-cv-1443-JCM-VCF, 2014 WL 2835074, at *3 (D. Nev. June 23, 2014); *Barket v. Clark*, Case No. 2:12–cv–00393–JCM–GWF; 2013 WL 647507, at *2 (D. Nev. Feb. 21, 2013).

… Rule 26(c) requires more than 'broad allegations of harm, unsubstantiated by specific examples or articulated reasoning.'"[40]  The court has broad discretion to "decide when a protective order is appropriate and what degree of protection is required."[41]  If the court finds that a protective order is appropriate, it may forbid the disclosure, forbid inquiry into certain matters, specify the terms for discovery, or limit the scope of discovery.[42]  When reviewing a motion to stay discovery, the court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery.[43]

Here, whether the court looks to the standard applicable to a stay of discovery or a protective order, the court finds there is insufficient basis to grant either.  With respect to a stay of discovery, a preliminary peek at Defendant's pending motion for summary judgment shows that while it is possible the motion will be dispositive, the single deposition ordered by the court could impact the outcome of the motion.  As stated, the court having granted Plaintiff summary judgment on breach of contract and declaratory relief, the issue turns to Defendant's post-summary judgment conduct, and whether that conduct evidences bad faith.  While Defendant argues that, as a matter of law, its conduct does not meet the requirements of bad faith,[44] Plaintiff, who filed her opposition quickly mistakenly believing the court ordered her to do so, seeks Rule 56(d) relief.  Plaintiff explains:

> The undersigned has been diligent in attempting to get the deposition of Mr. Lucent taken.  His deposition was first notice up on March 14, 2018.  USAA filed two emergency motions to block his deposition.  Magistrate Foley heard those motions and allowed a PMK deposition on rate setting but not Steve Lucent since at that time there were no allegations of bad faith.  Now that there are allegations of bad faith, the deposition of Steve Lucent is relevant, and the undersigned has been diligent in attempting to get that taken.  The second notice of the deposition of Steven Lucent was set on December 18, 2019 … Counsel for USAA did not object to the deposition at first, and was going to produce dates to coordinate the time and place.  It was only after that when USAA decided the deposition would not suit it's [sic] tastes and instructed counsel to tell the undersigned it would not produce

---

[40]    *Cundiff v. Dollar Loan Center, et al.*, Case No. 09-cv-2441-PMP-PAL, 2010 WL 11632695, at *2 (D. Nev. May 19, 2010) (internal quote marks and citations omitted).

[41]    *Youngevity Int'l, Inc. v. Smith*, Case No.: 16-cv-704 BTM (JLB), 2017 WL 2692928, at *3 (S.D. Cal. June 22, 2017).

[42]    Fed. R. Civ. P. 26(c)(1).

[43]    *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011).  The standard to which Defendant cites pertains to a stay of proceedings as stated in *Singer v. Las Vegas Athletic Clubs*, 376 F.Supp.3d 1062, 1070 (D. Nev. 2019) (citations omitted).  In fact, the case cited by Defendant, *Dependable Highway Exp. Inc. v. Navigators Ins. Co.* 498 F.3d 1059 (9th Cir. 2007), pertained to the review of a stay granted pending the outcome of an arbitration and court proceedings in London, England.

[44]    ECF No. 99 at 7-11.

1
2
3
4

> Steven Lucent.  That was when the undersigned filed the January 28, 2020 Motion to Establish Discovery Schedule. … The undersigned suggests that there is a substantial record of due diligence in attempting to obtain the discovery to oppose the MSJ … .  As a result, this FRCP 56(d)(2) request is not just a spur of the moment request, but the result of litigating this case for years and being blocked at every turn by USAA.  Therefore, it is requested that the Court grant leave to take the deposition of Steve Lucent so that the Plaintiff may then follow up with substantive testimony which will impact the motion filed by USAA.[45]

5  Without deciding the pending Rule 56(d) request, but rather confirming the court's May 5th Order,

6  the court concludes that, while the deposition of Defendant's claims adjuster may not ultimately

7  yield Plaintiff information that will impact the outcome of her case, there are enough questions

8  surrounding the remaining issue of bad faith that limited discovery – a single deposition of

9  Defendant's claims adjuster – is appropriate.  Motions for summary judgment are frequently part of

10  federal practice and "[a]n overly lenient standard for granting motions to stay all discovery is likely

11  to result in unnecessary discovery delay in many cases."[46]  Delay of Defendant's claims adjuster's

12  deposition here, based on Defendant's confidence that it will prevail on its third summary judgment

13  motion, would be application of such an overly lenient standard.

14      Addressing Defendant's additional arguments, the contention that a stay of the deposition

15  will cause no "hardship or inequity"[47] to Plaintiff presumes the claims adjuster has nothing to say

16  pertaining to the decision not to pay Plaintiff the balance of the benefits determined by the court to

17  be due.[48]  Defendant's concern regarding unnecessary fees and costs[49] again presupposes that its

18  claims adjuster can offer nothing that may impact Defendant's motion seeking summary judgment

19  on Plaintiff's bad faith claim.[50]  As for the claims adjuster's location out of state,[51] this is easily

20  addressed through a video deposition as was anticipated by the court.[52]  Finally, while "orderly

21  course of justice" is important, one deposition that was to take place within 30 days of the May 5th

22
23

---

24  [45]    ECF No. 105 at 4-5.
[46]    *Trzaska v. Int'l Game Tech.*, Case No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *4 (D. Nev. Mar. 29,
25  2011).
[47]    ECF No. 100/101 at 11.
[48]    ECF No. 47 at 12.
26  [49]    ECF No. 100/101 at 10.
[50]    Even when discovery will involve some inconvenience and expense, this is insufficient to support a stay of
27  discovery.  *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).
[51]    *Id.*
28  [52]    ECF No. 97 at 5.

1   Order would neither upset nor materially delay the parties' ability to reach a decision on Defendant's

2   pending summary judgment motion.

3          Defendant has not carried its burden of demonstrating good cause under Rule 26(c) or the

4   standard applicable to a motion to stay discovery.

5   **III.     Conclusion**

6          Accordingly,

7          IT IS HEREBY ORDERED that Defendant USAA General Indemnity Company's

8   Emergency Motion to Stay Discovery Pending Outcome of Objection to Magistrate Judge's Order

9   and Emergency Motion for Protective Order (ECF Nos. 100 and 101) are denied.

10         DATED this 1st day of June, 2020.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE