UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Emily Zervas,<br><br>   Plaintiff<br><br>v.<br><br>USAA General Indemnity Co.,<br><br>   Defendant | Case No.: 2:18-cv-00051-JAD-EJY<br><br>**Order Overruling Objection to Discovery Order, Denying Unauthorized Motions for Summary Judgment, and Setting New Summary Judgment Schedule**<br><br>[ECF Nos. 98, 99, 112, 113] |

This case began as a breach-of-contract and declaratory-relief action based on USAA General Indemnity Company's method of applying its uninsured-motorist coverage obligation for a motorcycle accident that left Emily Zervas seriously injured. After heavy briefing, I granted summary judgment in favor of Zervas and gave her leave to pursue new claims for breach of the implied covenant of good faith and fair dealing and violation of Nevada's unfair claims-practices statute for USAA's handling of her claim.[1] Because all of the deadlines in the scheduling order had passed by then, the magistrate judge reopened limited discovery but did not address the expired dispositive-motion period.[2]

USAA objects to that discovery order. It argues—based on a footnote in my summary-judgment order—that: (1) this court has already deemed its interpretation of the policy reasonable, (2) the reasonableness finding is binding and precludes Zervas from establishing her extracontractual claims, and (3) no discovery will change that.[3] Based on that same footnote, USAA also filed a motion for summary judgment[4] though the deadline to do so had long-since

---

[1] ECF No. 47.
[2] ECF No. 97.
[3] ECF No. 98 (objection).
[4] ECF No. 99.

passed. Zervas opposes both motions, points out that USAA's summary-judgment motion was not authorized by this court's scheduling orders, and seeks leave to have her own summary-judgment motion belatedly considered.[5] I overrule USAA's objection because it has not established that the footnoted dicta it relies on is preclusive of Zervas's extracontractual claims, and USAA has not shown that the magistrate judge's narrow reopening of discovery was clearly erroneous or contrary to law. And though no scheduling order currently permits the parties to file dispositive motions, judicial economy warrants a fair opportunity for both sides to do so. So I deny the unauthorized pending summary-judgment motions and reopen the deadline to file dispositive motions to ensure that both sides may address the remaining issues contemporaneously.

## Discussion

**A.    USAA's objection to the magistrate judge's discovery order [ECF No. 98]**

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[6] This standard of review "is significantly deferential" to the magistrate judge's determination.[7] A district court should overturn a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[8] or a relevant statute, law, or rule has been omitted or misapplied.[9]

---

[5] ECF Nos. 105 (plaintiff's opposition to USAA's motion for summary judgment), 112 (motion for leave), 113 (plaintiff's motion for partial summary judgment).

[6] L.R. IB 3-1(a).

[7] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal.*, 508 U.S. 602, 623 (1993).

[8] *Id.* (internal quotation marks omitted).

[9] *See Grimes v. City and County. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

USAA argues that the magistrate judge's decision to grant Zervas limited discovery for her new extracontractual claims[10] was erroneous because this court's footnoted statement that USAA's interpretation of its policy language was reasonable means that this court has already concluded that "USAA GIC had a reasonable basis for disputing coverage, and therefore, under well-established Nevada law, Plaintiff cannot establish a prima facie case of bad faith."[11] But this footnoted statement that USAA relies so heavily on appears to be merely dicta.[12]  Even if this court can be deemed to have held that USAA's interpretation of its policy language was reasonable, that doesn't necessarily mean that USAA's claims handling was reasonable. I found USAA in breach under the policy because "USAA's interpretation . . . trigger[ed]" a rule requiring the insurer to prorate Zervas's total loss in a way that required USAA to pay Zervas the $300,000 policy limit, which is contrary to USAA's position that it owed just $180,000.[13] Because the dispute here was about more than just policy interpretation, my footnoted sentence about policy interpretation alone cannot absolve USAA of liability for Zervas's extracontractual claims. Regardless, this sentence is not a final, binding decision given that district courts retain the power to reconsider their own orders at any time prior to final judgment, which has not been entered in this case.[14] So USAA has not shown that the magistrate judge's decision to allow

---

[10] ECF No. 97.

[11] ECF No. 98 at 5.

[12] *See* ECF No. 47 at 6, n.18.

[13] *Id.* at 8.

[14] *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("The general rule regarding the power of a district court to rescind an interlocutory order is as follows: 'As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.'" (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)).

Zervas one or two additional depositions after the court allowed her to add extracontractual claims was clearly erroneous or contrary to law, and I overrule its objection.

**B.     The summary-judgment motions [ECF Nos. 99, 113]**

Ignoring the fact that the dispositive-motion deadline expired on August 31, 2018, both sides filed motions for summary judgment well after this deadline without first obtaining an order allowing them to do so.[15] The plaintiff filed a motion for leave, but she did so concurrently with her motion for partial summary judgment, not waiting for leave to be granted before filing the motion directly on the docket.[16] The plaintiff's motion for leave and her opposition to the defendant's motion for summary judgment have spotlighted the impropriety of both motions. Because both were filed outside of the scheduling order, they are unauthorized and I deny them as such without prejudice. But I also recognize that judicial economy will be served if the court has the opportunity to consider the remaining issues in this case on properly presented and contemporaneous summary-judgment motions. So I give both parties until March 10, 2021, to file properly supported motions for summary judgment.

### Conclusion

**IT IS THEREFORE ORDERED** that:

- Defendant's Objection to Magistrate Judge's Order Granting Plaintiff's Motion to Establish Discovery Schedule for New Claims in Second Amended Complaint **[ECF No. 98] is OVERRULED**;

---

[15] *See* ECF Nos. 99 (USAA's motion, filed 21 months after the deadline), 113 (plaintiff's motion, filed 30 months after the deadline).

[16] *See* ECF No. 112.

- Plaintiff's Motion for Leave to File Motion for Partial Summary Judgment on Extra Contractual Claims in Second Amended Complaint **[ECF No. 112] is GRANTED in part**:  The Court takes this opportunity to ORDER that **each side may file a motion for summary judgment on any and all remaining claims and issues no later than March 10, 2021.**  The briefing schedule in Local Rule 7-2(b) will thereafter apply.

- The pending motions for summary judgment **[ECF Nos. 99, 113] are DENIED without prejudice**.

Dated: February 26, 2021

_____
U.S. District Judge Jennifer A. Dorsey