# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Emily Zervas,

    Plaintiff

v.

USAA General Indemnity Co.,

    Defendant

Case No.: 2:18-cv-00051-JAD-EJY

**Order Granting Plaintiff's Motion for Partial Summary Judgment and Denying Defendant's Motion for Summary Judgment**

[ECF Nos. 115, 116]

    In 2017, Emily Zervas was severely injured in a hit-and-run motorcycle accident, and her loss exceeded the $500,000 combined limits of the three uninsured-motorist (UM) policies that covered the accident. State Farm and Geico each paid out their $100,000 policy limits. But USAA tendered just 60% of its $300,000 limit, so Zervas sued the insurer for breach of contract and declaratory relief in Nevada state court. USAA removed the action to this court and moved for summary judgment. Three years ago, I denied its motion and instead *sua sponte* granted Zervas summary judgment, finding that she's entitled to the remaining $120,000 in benefits from USAA. I also granted her leave to file a second-amended complaint to bring claims based on USAA's alleged bad faith. Because I granted Zervas leave to amend, I didn't enter final judgment on her breach-of-contract claim. I further denied USAA's motion to reconsider that summary-judgment order.

    The parties now crossmove for summary judgment on the two new claims in Zervas's second-amended complaint: (1) tortious breach of the implied covenant of good faith and fair dealing and (2) violations of NRS 686A.310, which requires insurance companies to settle and

pay out claims in a prompt and fair manner.[1]  Because I find that there exist no material factual disputes regarding liability on either claim, and that Zervas is entitled to judgment as a matter of law on both, I grant her motion and deny USAA's.  This case proceeds to trial on the issue of damages on these extracontractual claims, so I do not enter final judgment on them.  But first, I refer this case to the magistrate judge for a mandatory settlement conference.

## Discussion

### I.     Summary-judgment standard

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[2]  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."[3]  A fact is material if it could affect the outcome of the case.[4]

On summary judgment, the court must view all facts and draw all inferences in the light most favorable to the nonmoving party.[5]  So the parties' burdens on an issue at trial are critical. When the party moving for summary judgment would bear the burden of proof, "it must come

---

[1] In her partial-summary-judgment motion, Zervas requests that I set the issue of damages for jury trial. ECF No. 115.  USAA's motion, while styled as a motion for summary judgment on all claims, does not address NRS 686A.310, so I construe it as a motion for partial summary judgment as to the common-law bad-faith claim only.  ECF No. 116.

[2] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).  The court's ability to grant summary judgment on certain issues or elements is inherent in Federal Rule of Civil Procedure (FRCP) 56.  *See* Fed. R. Civ. P. 56(a).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[4] *Id.* at 249.

[5] *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

forward with evidence [that] would entitle it to a directed verdict if the evidence went uncontroverted at trial."[6] If it does, the burden shifts to the nonmoving party, who "must present significant probative evidence tending to support its claim or defense."[7] But when the moving party does not bear the burden of proof on the dispositive issue at trial, it is not required to produce evidence to negate the opponent's claim—its burden is merely to point out the evidence showing the absence of a genuine material factual issue.[8] The movant need only defeat one element of a claim to garner summary judgment on it because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[9] "When simultaneous cross-motions for summary judgment on the same claim are before the court, the court must consider the appropriate evidentiary material identified and submitted in support of"—and against—"both motions before ruling on each of them."[10]

## II. Common-law bad faith

The parties crossmove for summary judgment on Zervas's claim for tortious breach of the implied covenant of good faith and fair dealing. Because they agree that there are no genuine material factual issues,[11] the only question is which party is entitled to judgment on Zervas's bad-faith claim as a matter of law. In Nevada, "an insurer fails to act in good faith when it

---

[6] *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

[7] *Id.*

[8] *Celotex*, 477 U.S. at 323.

[9] *Id.* at 322.

[10] *Tulalip Tribes of Wash. v. Washington*, 783 F.3d 1151, 1156 (9th Cir. 2015) (citing *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir. 2001)).

[11] ECF No. 118 at 3.

refuses without proper cause to compensate the insured for a loss covered by the policy."[12] The insured must show "legal entitlement" to compensation for the loss and the insurer must have knowingly engaged in "unreasonable conduct" in refusing to compensate her.[13] An insurer's duty of good faith is a continuing one.[14]

Relying on a footnote in my order granting Zervas summary judgment on her contractual claim, USAA argues that it cannot be held liable for bad faith because this court recognized that it had a "reasonable basis" to deny her coverage.[15] But I rejected that very argument when USAA made it last year, explaining that the footnote was mere dicta and not dispositive of any bad-faith claim.[16] As then, "my footnoted sentence about policy interpretation alone cannot absolve USAA of liability for Zervas's extracontractual claims."[17] Nevertheless, to the extent Zervas's bad-faith claim is premised on USAA's actions *prior* to the filing of her lawsuit, she hasn't shown that USAA acted unreasonably—indeed, Zervas doesn't spend much of her motion arguing that anyway.[18]

The more relevant of USAA's actions are those it has taken since my 2019 order granting Zervas summary judgment on her breach-of-contract claim. In those three years, USAA has failed to tender the $120,000 it owes Zervas under the policy. USAA argues that Zervas cannot establish "legal entitlement" to the amount because I did not enter final judgment on her claim

---

[12] *Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 382 (1993) (cleaned up).
[13] *Id.* at 384.
[14] *Sosebee v. State Farm Mut. Auto. Ins. Co.*, 164 F.3d 1215, 1217 (9th Cir. 1999); *see also Searcy v. Esurance Ins. Co.*, 243 F. Supp. 3d 1146, 1153 (D. Nev. 2017).
[15] ECF No. 116 at 9; ECF No. 118 at 6; *see* ECF No. 47 at 6 n.18.
[16] ECF No. 114 at 3.
[17] *Id.*
[18] ECF No. 115.

and because USAA retains the right to appeal that judgment when it's eventually entered.[19] While both of those contentions are true, and the Nevada Supreme Court has not directly answered the question of when a duty to pay arises,[20] it has explicitly held that "legal entitlement" is not "synonymous" with judgment; the insured is legally entitled when she establishes "fault on the part of the uninsured motorist [that] gives rise to the damages and prove[s] the extent of those damages."[21] Zervas has done both, and USAA does not dispute either, so I find that Zervas is legally entitled to the $120,000 in benefits USAA has withheld.

I further find its withholding of those benefits to be knowingly unreasonable. Since at least 1993, legal entitlement to insurance benefits in Nevada has not turned on the presence of a final appealable judgment,[22] so USAA's argument relying on the absence of one in this case has long been foreclosed. I granted Zervas summary judgment in February 2019 and denied USAA's motion to reconsider that summary-judgment order later the same year.[23] Although USAA has the right to appeal those decisions and wields that right as both a shield and a sword in its motion practice, it has never conclusively indicated that it plans to appeal either order.[24] In fact, USAA's counsel asserted in a hearing nearly four years ago that the insurer planned to pay out the disputed $120,000 if I denied summary judgment in its favor on the breach, let alone if

---

[19] ECF No. 118 at 7–10.

[20] Cf. *Pulley v. Preferred Risk Mut. Ins. Co.*, 897 P.2d 1101, 1103 n.2 (1995) (avoiding question whether the insurer's duty to pay arose at issuance of arbitrator's award decision or final judgment).

[21] *Pemberton*, 858 P.2d at 384.

[22] *Id.*

[23] ECF No. 47; ECF No. 90.

[24] *See* ECF No. 116; ECF No. 118; ECF No 124.

5

Zervas garnered summary judgment in hers.[25]  Because these continued delay tactics show a clear failure to act in good faith, I deny USAA's motion for summary judgment on the bad-faith claim and grant Zervas's as to liability only.

### III.     NRS 686A.310

When an insurer's liability to its insured on a claim becomes "reasonably clear," the "fail[ure] to effectuate prompt, fair and equitable settlement" is an unlawful unfair claims practice under NRS 686A.310.[26]  For the reasons discussed above, I find that USAA's liability on Zervas's claim for benefits became reasonably clear when I granted summary judgment on her breach-of-contract claim in her favor.[27]  And even if it wasn't clear at that point, my order denying reconsideration made it so.[28]  So it's been anywhere between 26 and 36 months since it became reasonably clear that USAA owes Zervas $120,000 for the injuries she incurred as a result of the 2017 accident, and the insurer has failed to promptly settle its debt to her.  I thus grant Zervas summary judgment on the liability portion of her NRS 686A.310 claim, and this case proceeds to trial on the issue of damages only.

### Conclusion

IT IS THEREFORE ORDERED that defendant USAA General Indemnity Company's motion for summary judgment **[ECF No. 116] is DENIED**.

---

[25] ECF No. 51 at 18 (hearing tr.) ("In our case, as we sit here today, [USAA's summary-judgment motion] will dispose of the case.  Because even if the what I think [are] reasonable legal arguments in the motion are not accepted by the Court, then USAA's going to pay the rest of the policy.").

[26] Nev. Rev. Stat. § 686A.310(e).

[27] ECF No. 47.

[28] ECF No. 90.

IT IS FURTHER ORDERED that plaintiff Emily Zervas's motion for partial summary judgment **[ECF No. 115] is GRANTED** as to liability on her claims for (1) tortious breach of the implied covenant of good faith and fair dealing and (2) violation of NRS 686A.310(e).  This case proceeds to trial on the issue of damages on those claims only.

IT IS FURTHER ORDERED that **this case is REFERRED to the magistrate judge for a MANDATORY SETTLEMENT CONFERENCE**.  The parties' obligation to file their joint pretrial order is STAYED until 10 days after that settlement conference.

_____
U.S. District Judge Jennifer A. Dorsey
March 7, 2022