UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Emily Zervas,<br><br>    Plaintiff<br><br>v.<br><br>USAA General Indemnity Co.,<br><br>    Defendant | Case No.: 2:18-cv-00051-JAD-BNW<br><br>**Order Denying Motions**<br><br>[ECF Nos. 138, 140, 141] |

      This insurance-bad-faith case arises from a 2017 hit-and-run motorcycle accident in which plaintiff Emily Zervas claims she was severely injured. Although State Farm and Geico each paid out their $100,000 policy limits, Zervas has yet to receive policy proceeds from the third carrier whose policy covered this loss, defendant USAA General Indemnity Company. Over the last five years of litigation, I granted summary judgment in Zervas's favor on her breach-of-contract and declaratory-relief claims and also as to USAA's liability for her extra-contractual claims.[1] So this case is headed to an April 2023 jury trial on the lone remaining issue of extra-contractual damages.

      Zervas contends that USAA conducted no discovery in this case because it had repeatedly stated that it would pay her the benefits it owed[2] once this court determined how USAA's share of the loss vis-à-vis the other carriers should be calculated—as this court did in February 2019 and again that December.[3] But instead of tendering that payment, USAA

---

[1] *See* ECF No. 47 (breach of contract and declaratory relief); ECF No. 125 (bad faith and NRS 686A.310).

[2] ECF No. 149 at 2.

[3] ECF No. 47 (summary-judgment order); ECF No. 90 (denying reconsideration).

continues to litigate.[4]  And while the parties were preparing the joint pretrial order, USAA "alleged that Plaintiff committed fraud[ and] concealed [ ] or misrepresented material facts" regarding her subsequent, 2018 motor-vehicle accident.[5]  So, although discovery closed long ago and the deadline for amendment has long since passed, Zervas now moves to amend her complaint to add allegations about this new dispute, why USAA is flat wrong, and how USAA's counsel's position is a continuing violation of the insurer's duties under Nevada law.[6]  She also moves to allow her to retain an expert on these new theories and to disclose additional documents to support her timeline of USAA's notice of this subsequent accident.[7]  USAA opposes all of Zervas's requests.[8]

      The court denies Zervas's motions.  The liability portion of this case is over, and Zervas has not given this court a sufficient reason to reboot it.  This case is approaching its fifth anniversary, all deadlines have passed, trial is scheduled, and the only issue left for a jury to decide is Zervas's damages for her extra-contractual claims.  Zervas has not shown that amendment at this late hour and with so much water under the bridge is warranted under these circumstances.  If Zervas is confident that USAA should be precluded from relying on the positions that it included in the joint pretrial order, the proper vehicle for seeking that relief is a motion in limine.[9]

---

[4] ECF No. 138-1 at ¶ 51.
[5] ECF No. 138 at 2.
[6] *See* ECF No. 138-1 at ¶¶ 59–74 (new allegations in proposed amended complaint).
[7] ECF Nos. 140, 141.
[8] ECF No. 144 (USAA's response).
[9] This court does not take any position at this point whether such a motion would be meritorious or successful.

IT IS THEREFORE ORDERED that plaintiff's motions for leave to amend, to retain an expert, and to designate and produce additional exhibits **[ECF Nos. 138, 140, 141] are DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
December 8, 2022